FILED

2014 Mar-24  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DONNA ROBERTS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **vs.** | ]   **4:13-CV-0359-LSC** |
| | ] |
| **CAROLYN W. COLVIN,** | ] |
| **Acting Commissioner,** | ] |
| **Social Security Administration,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OF OPINION

## I.   Introduction

The plaintiff, Donna Roberts, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Roberts timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Roberts was forty-three to forty-five years old during the relevant period, and she has a twelfth grade education, as well as training as a Certified Nursing

Assistant.  (Tr. at 218-19.)  Her past work experiences include employment as a nurse's assistant, a food worker, and a deli clerk. (Tr. at 219.) Ms. Roberts claims that she became disabled on January 20, 2010, due to severe arthritis of the inner knee. (Tr. at 212, 217.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Ms. Roberts meets the insured status requirements of the Social Security Act through December 31, 2014. (Tr. at 24.) He further determined that Ms. Roberts has not engaged in substantial gainful activity since the alleged onset of her

disability. (*Id.*) According to the ALJ, Ms. Roberts has the following severe impairments: morbid obesity with lumbago, chronic low back pain, mild to moderate degenerative arthritis of both knees, history of asthma and allergic rhinitis, major depressive disorder, anxiety disorder, and insomnia. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ found that Ms. Roberts has the RFC to perform a full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following nonexertional restrictions: a general sedentary postural position which means sitting six hours and standing or walking two hours in an eight-hour day, or a sit or stand option at the claimant's option; the ability to perform simple, routine, repetitive tasks; a mild restriction in dealing with supervisors; no impairment in understanding, remembering, or performing simple instructions; a moderate restriction in understanding, remembering, and performing detailed instructions; a moderate restriction in responding to ordinary work pressures; a mild restriction in responding to and interacting with coworkers and supervisors; and a mild to moderate restriction in responding to changes in a work setting. (Tr. at 26.)

According to the ALJ, Ms. Roberts is unable to perform any of her past relevant work, and she is a "younger individual," as defined by the regulations. (Tr. at 38.) The ALJ determined that Ms. Roberts has at least a high school education and is able to communicate in English. (Tr. at 39.)  Based on Plaintiff's RFC and vocational profile (age, education, and past work experience), the ALJ elicited testimony from a Vocational Expert ("VE") that there are a significant number of light, unskilled jobs in the national economy that Ms. Roberts is capable of performing, such as counter clerk, production assembler, and assembler of electronics accessories. (*Id.*) The ALJ concluded his findings by stating that Ms. Roberts was not disabled under the Social Security Act during the relevant period from January 20, 2010, to September 12, 2011. (Tr. at 40.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the

Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Plaintiff alleges that the ALJ's decision should be reversed and remanded for three overarching reasons, two related to the ALJ's decision and the third related to the Appeals Council's denial of review.  First, she believes that the ALJ's finding that her mental impairments did not meet or equal a listing was erroneous.  Second, she believes that the ALJ's RFC determination was erroneous because the VE testimony was based on an inaccurate and incomplete hypothetical question.  Third, she believes that the denial of benefits was not supported by substantial evidence when the new evidence she submitted to the Appeals Council is considered.  She argues that the Appeals Council failed to review the new evidence, failed to assess the new evidence, and failed to remand the claim.  Specifically, she argues that the Appeals Council failed to accord the proper weight to her treating physician's opinion and failed to articulate specific reasons for rejecting the treating physician's opinion.

Plaintiff also filed a separate motion to remand pursuant to sentences four and six of 42 U.S.C. § 405(g), to consider the new evidence submitted to the Appeals Council (doc. 12), to which the Commissioner responded (doc. 13), and Plaintiff replied (doc. 14).

### A.      Substantial Evidence Supports the ALJ's Denial of Benefits

1. **The ALJ Correctly Found that Plaintiff's Mental Impairments Did Not Meet or Equal Listings 12.04 (Depression) and 12.06 (Anxiety)**

Plaintiff contends that the records and testimony show that she meets listing 12.04 (depression) and/or 12.06 (anxiety), two listings which the ALJ specifically considered and rejected at step three of the sequential evaluation process.

The "Listings of Impairments," 20 C.F.R., pt. 404, subpt. P, app. 1, describe each major body system impairment considered so severe as to render a person incapable of any gainful activity regardless of age, education, or work experience. *See* 20 C.F.R. §§ 404.1525(a); *Wilson*, 284 F.3d at 1224. A claimant may thus prove disability if she shows at step three of the sequential evaluation that her impairments meet or equal a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.04. For a claimant to show that her impairment meets or equals a listing, it must meet all of the specified medical criteria described in the listing. *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specified criteria of the Listings." *Wilson*, 284 F.3d at 1224. Because vocational factors (age,

education, and work experience) are not considered in determining automatic disability via a listing, Plaintiff must present more precise clinical evidence at step three than at other steps in the sequential evaluation. *See* 20 C.F.R. §§ 404. 1520(d), 404.1525(a), 416.920(d), 416.925(a).

To satisfy her claim for automatic disability via a listing, Plaintiff must demonstrate that: (1) her mental condition meets or equals all criteria of Listing 12.04 or Listing 12.06, (2) any proffered medical evidence complies with the requirements of the listing's introduction, and (3) her condition meets the applicable duration requirement of one year. *See* 20 C.F.R. §§ 404.1525(c)(1)-(5), 416.925(c)(1)-(5).

Plaintiff does not explain how her conditions meet these listings, as required by the regulations, or provide any authority for why her conditions meet the listings. The only evidence Plaintiff has advanced to prove she meets these listings are outpatient treatment notes from Calhoun-Cleburne Mental Health Center and Gadsden Psychological Services, LLC, and her own testimony at her hearing that she has suffered from depression since she was a teenager and that she also suffers from anxiety attacks. The ALJ found her testimony not credible (tr. at 31, 61-64), and Plaintiff has not challenged the ALJ's credibility determination on appeal. *See United*

*States v. Valladares*, 544 F.3d 1257, 1267 (11th Cir. 2008) (issues not challenged on appeal are deemed abandoned).

The two listings Plaintiff contends she meets require a claimant to satisfy Parts A and B, including at least two of four criteria indicated in Part B (marked restriction of activities of daily living, social functioning, concentration, persistence, or pace, or repeated episodes of decompensation, each of extended duration). *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Listings 12.04, 12.06. Plaintiff cannot show she has marked restrictions in any of the criteria in Part B, much less two of the four criteria. Substantial evidence supports the ALJ's determination Plaintiff had only mild restrictions in activities of daily living, as she continues to drive, does laundry, washes dishes, shops for groceries, prepares simple meals, and attends church every Sunday. (Tr. at 25, 54, 251-53.) Substantial evidence also supports the ALJ's determination that Plaintiff only had moderate difficulties in social functioning because she testified that she has friends, talks with family and friends daily on the telephone and computer, and reported getting along with family, friends, neighbors, and authority figures. (Tr. at 25, 253-55.) Further, substantial evidence supports the ALJ's conclusion that Plaintiff had only moderate difficulties with concentration, persistence or pace, based on her testimony that she continues to drive, enjoys reading and talking

with friends on the computer, and her report that she crochets and reads.  (Tr. at 25, 54, 251-55, 387.)  Finally, the ALJ correctly found Plaintiff had no episodes of decompensation, as she reported no hospitalizations for psychological difficulties. (Tr. at 25.)  Additionally, at Plaintiff's hearing, Doug McKeown, Ph.D., a medical expert who specializes in psychology, opined that Plaintiff's mental impairments did not meet or equal either of these listings.  (Tr. at 32, 71-73.)  Although Plaintiff's outpatient treatment notes from two mental health care providers indicate that she complains of suffering from depression and anxiety, they also indicate that she received treatment for these conditions and that at times she reported being stable and making progress on her goals.  (Tr. at 382-88, 459-71, 500-05.)  Substantial evidence supports the ALJ's finding that Plaintiff's mental impairments do not rise to the level necessary to meet the listings.

However, a claimant may also meet Listings 12.04 and 12.06 by establishing that she satisfies the criteria in Part C.  *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 12.04, 12.06.  Part C of Listing 12.04 requires a claimant to establish one of two things: 1) a medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with repeated episodes of decompensation, and such marginal adjustment

that even a minimal increase in mental demands or change in environment would cause decompensation, or 2) a current history of 1 or more years' inability to function outside a highly supportive living arrangement. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 12.04. Plaintiff's medical records simply do not reveal mental disability that would result in decompensation with minimal changes, much less "repeated" episodes of decompensation. (Tr. at 25.) As noted, she has never been hospitalized for psychological difficulties. (Tr. at 25.) Plaintiff has not established that she meets the criteria of Listing 12.04, Part C.

Part C of Listing 12.06 requires a claimant to establish a complete inability to function independently outside one's home. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 12.06. Here, as discussed above, the record shows that Plaintiff drives, goes grocery shopping, maintains friendships, and attends church every Sunday. (Tr. at 25, 251-55.) Therefore, Plaintiff has not demonstrated a complete inability to function outside her home, and has not established she meets the criteria of Listing 12.06, Part C.

In short, Plaintiff has failed to meet her high burden of proof to qualify for automatic disability via a listing. As noted, she merely concluded that she met the listings, offered treatment notes from mental health care providers, and offered her

own testimony which the ALJ discredited. Therefore, substantial evidence supports the ALJ's determination that Plaintiff's mental condition did not meet or equal a listing.

### 2.    The ALJ Posed a Complete Hypothetical Question to the VE

Plaintiff contends that the ALJ's RFC determination was not based on substantial evidence because the testimony of the VE was based on an inaccurate and incomplete hypothetical question.

The ALJ was responsible for determining Plaintiff's RFC for the relevant period from January 20, 2010, to September 12, 2011. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c) (at the hearing level, the ALJ is responsible for determining a claimant's RFC). While medical source opinions are considered, the final responsibility for determining a claimant's RFC is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's RFC and ability to work is within the province of the ALJ, not of doctors"); Social Security Ruling (SSR) 96-5p10 (unlike a medical source opinion, the RFC determination is the ALJ's "ultimate finding based on consideration of this opinion and all the other evidence in the case record").

The ALJ found that Plaintiff had the RFC to perform a full range of light work,

subject to nonexertional limitations due to Plaintiff's mental impairments. Substantial evidence exists in the record to support this RFC, as follows. Plaintiff reported doing laundry, washing dishes, preparing meals, driving, shopping for groceries, reading, watching television, talking with friends and family daily, and attending church every Sunday. (Tr. at 28, 54, 251-53.) Plaintiff reported she is able to follow written and spoken directions very well, gets along with authority figures very well, and handles stress very well. (Tr. at 28-29, 254-55.) At the hearing, medical expert James N. Anderson, M.D., testified that Plaintiff's physical impairments limit her to light work with a sit/stand option, and Plaintiff has not challenged this opinion on appeal. (Tr. at 28, 68-70.) Dr. McKeown, a medical expert specializing in psychology, testified at the hearing that the limitations due to Plaintiff's mental impairments did not exceed the assessed RFC. (Tr. at 28, 70-75.) Radiological evidence shows that Plaintiff does not have spinal or cervical impairments that are considered to be severe, major, or treated surgically. (Tr. at 32, 356, 360.) Plaintiff has not received referrals for physical therapy or surgical intervention for her knee pain, and Dr. Born, a consultative examiner, noted that Plaintiff's degenerative arthritis in her knees was not very advanced. (Tr. at 33, 362-64, 390.) Finally, Plaintiff received minimal treatment for her mental impairments, has never been involuntarily confined to a

psychiatric institution, and exams consistently reveal that Plaintiff was alert, oriented, with intact thought processes, normal speech, cooperative, and respectful with normal affect.  (Tr. at 34, 386, 406, 411, 416, 492).  Even if the record could support an alternate RFC, when supported by substantial evidence, the ALJ's determination is entitled to deference upon judicial review.  *See Moore*, 405 F.3d at 1213.

Based on Plaintiff's RFC and vocational profile, the ALJ elicited testimony from a VE as to whether Plaintiff can perform other jobs that exist in significant numbers in the national economy.  "'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (quoting *Wilson*, 284 F.3d at 1227).

Plaintiff argues that the hypothetical question posed to the VE was improper because it did not contain any of the mental limitations found in the ALJ's ultimate RFC determination.  In support of her argument that the hypothetical was deficient, Plaintiff misinterprets the operative hypothetical posed to the VE, which was as follows:

> ALJ:  Okay, Let's use Dr. Anderson's assessment.  It says can do a sit-down job which just means a light lifting with capacities with a seated sit-down job or totally sedentary-type job or I mean, I assume with that, that means light lifting or with a sit-stand option

> at her option either way that the job requires sedentary or it gives
> her an option.  And, Dr. McKeown, you heard all of his RFC
> assessments and you heard all the definitions?

VE:    Yes, Sir.

(Tr. at 76.)

After describing the physical limitations assessed by Dr. Anderson, a medical expert who testified at the hearing, the ALJ confirmed that the VE had also "heard" the mental "RFC assessments" opined by Dr. McKeown, another medical expert who testified at the hearing, to which the VE responded in the affirmative. (*Id.*)  The limitations opined by Dr. McKeown at the hearing are identical to the limitations found in the RFC determination, and it is clear that the ALJ intended to incorporate Dr. McKeown's assessed mental limitations into the hypothetical and that the VE understood this intent. (Tr. at 26, 70-76.)  Plaintiff implies that Dr. McKeown is the VE, not the medical expert, which leads to the false conclusion that the ALJ failed to incorporate any of Plaintiff's mental limitations in the hypothetical.  (Tr. at 76.)  However, as discussed above, the ALJ's intent to incorporate the mental limitations opined by Dr. McKeown in his hypothetical to the VE was clear, as was the VE's understanding of the operative hypothetical.  (Tr. at 70-76.)

**B.    The Appeals Council Properly Denied Review**

Nine months after the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council consisting of additional medical records along with an opinion by Charles A. Ogles, M.D., at Ashland Family Care, that Plaintiff was disabled. (Tr. at 278-81, 501-05, 507-77.) Plaintiff argues that considering the additional evidence she submitted to the Appeals Council after the ALJ's denial of benefits, the denial of benefits was erroneous. She contends that the Appeals Council failed to review her new evidence adequately, and that its denial of review was conclusory and offered no material basis for affirming the ALJ's decision. Specifically, Plaintiff contends that in denying review of the ALJ's decision, the Appeals Council failed to afford proper weight to the opinion of Plaintiff's treating physician, Dr. Charles Ogles, and failed to provide specific reasons behind the rejection of his opinion.

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.900(b)). The Appeals Council has discretion not to review the ALJ's denial of benefits. *See* C.F.R. § 404.970(b), 416.1470(b). However, the Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261. *See also* 20 C.F.R. §

404.970 ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."). If the Appeals Council refuses to consider new evidence submitted by the plaintiff and denies review, its decision is subject to judicial review because it is an error of law. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008) (*citing Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). When reviewing the Appeals Council's denial of review, the Court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision whether to review an ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998).

In this case, the Appeals Council stated that it considered both the reasons Plaintiff disagreed with the ALJ's decision and the additional evidence submitted, but found that none of this information provided a basis for changing the ALJ's decision. (Tr. at 1-2.) Therefore, the Appeals Council did not err by failing to *consider* the new evidence presented by Plaintiff.

Plaintiff first takes issue with the Appeals Council's "perfunctory adherence" to the ALJ's decision. However, the Appeals Council is not required to articulate its

analysis because the regulations do not impose an articulation duty on the Appeals Council when it denies a request for review.  *See* 20 C.F.R. §§ 404.970416.1470; *Mansfield v. Astrue*, 395 F. App'x 528, 530-31 (11th Cir. 2010) (unpublished) (interpreting *Ingram* and stating that, when additional evidence is submitted to the Appeals Council, the district court determines whether that evidence would have changed the outcome of the ALJ's decision).

Plaintiff also claims that the new evidence "was very important and should have changed the denial of benefits," but only elaborates on how Dr. Ogles' opinion of disability should have resulted in Appeals Council review.  Specifically, Plaintiff submitted treatment records from her follow-up appointments at Ashland Family Care to obtain pain medication refills, and a "Disability Questionnaire" from Dr. Ogles, dated March 1, 2012, six months after the relevant period.  (Tr. at 280-81, 507-77.) In the questionnaire, Dr. Ogles checked "Yes" in response to the question, "In your opinion, is claimant disabled as defined above?" (Tr. at 507.)  Dr. Ogles offers no other support for his opinion, leaving the remaining questions blank or noting "see chart." (Tr. at 507.)  As stated previously, any additional evidence submitted to the Appeals Council must pertain to the time period considered by the ALJ.  "The Appeals Council shall consider the additional evidence only where it relates to the

period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). Plaintiff appears to argue that the Appeals Council was required to explicitly weigh and discuss this opinion in accordance with 20 C.F.R. §§ 404.1527, 416.927.19. As discussed above, this is incorrect. Plaintiff is correct that, had Dr. Ogles' opinion occurred during the relevant period and been before the ALJ, the ALJ would have been require to analyze his opinion as that of a treating physician. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("Generally, we give more weight to the opinions from your treating sources . . . "). However, this duty does not extend to the Appeals Council when deciding whether to review an ALJ's decision. *See* 20 C.F.R. §§ 404.970, 416.1470; *Mansfield,* 395 F. App'x at 530-31.

Significantly, the ALJ had 58 pages of evidence from Dr. Ogles at the time of the hearing, ostensibly including the "chart" which Dr. Ogles based his opinion upon, and discussed this evidence in the decision. (Tr. at 30, 33-34, 390-447.) Moreover, even if Dr. Ogles' opinion had been provided during the relevant period and presented to the ALJ, this opinion would not have been entitled to great weight because it is wholly conclusory, unsupported, and an opinion on an issue reserved to the Commissioner. (Tr. at 507-08.) *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 404.1527(d)(1), 416.927(c)(3)-(4), 416.927(d)(1) (ALJ properly evaluates medical opinions on

supportability and consistency, and opinions that a claimant is disabled are not medical opinions); SSR 96-5p (even when offered by a treating source, opinions determining that an individual is disabled can never be entitled to controlling weight or given special significance); *Crawford*, 363 F.3d at 1159 (a treating physician's report "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory").

Therefore, Plaintiff has failed to show how this evidence was relevant to the period under consideration by the ALJ or that it is "relevant and probative so that there is a reasonable probability that it would change the administrative result." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987). *See Pritchett v. Comm'r, Soc. Sec. Admin.*, 315 F. App'x 806, 814 (11th Cir. 2009) ("The [Appeals Council] may deny review if, even in the light of the new evidence, it finds no error in the opinion of the ALJ."). Even considering the new evidence, substantial evidence supports the Commissioner's decision and the Appeals Council did not err in refusing review because the ALJ's decision is not contrary to the weight of the evidence.

## C. Plaintiff's Motion to Remand

On August 12, 2013, Plaintiff filed a motion to remand the case pursuant to sentences six and four of 42 U.S.C. § 405(g), to consider additional evidence. (Doc.

12.)  The Commissioner responded to the motion, (doc. 13), and Plaintiff replied (doc. 14.)  In Plaintiff's reply, she conceded that remand pursuant to sentence six is inappropriate, but she maintained her argument with respect to remand pursuant to sentence four.[1]

"Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram*, 496 F.3d at 1261.  A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." *Id.* at 1269.

Plaintiff's motion to remand pursuant to sentence four recites verbatim the arguments previously made in her memorandum in support of disability that this new evidence would have changed the denial of benefits, and that the Appeals Council failed to review the new evidence adequately.  (*See* Doc. 10, pp. 1-3, 23-25; Doc. 14,

---

[1] Plaintiff attached to her motion for remand records from two healthcare providers, which she alleged were "omitted" from the administrative record.  However, as pointed out by the Commissioner, these medical records are already in the administrative record, and were considered by the Appeals Council in their decision to deny review.  (Tr. at 319-33, 355-58.)  A sentence six remand is thus inappropriate in this case because, while sentence six allows a district court to remand a case for consideration of previously unavailable evidence, "it does not grant a district court the power to remand for consideration of evidence previously considered by the Appeals Council." *See Ingram.*, 496 F.3d at 1269 (evidence properly presented to the Appeals Council "can be the basis for only a sentence four remand, not a sentence six remand").

pp.1-6). Because the new evidence submitted to the Appeals Council did not change the administrative result, Plaintiff's motion to remand pursuant to sentence four is denied for the reasons stated in part B, *supra*.

## III.    Conclusion.

Upon review of the administrative record, and considering all of Ms. Robert's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 24th day of March 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]