UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DONNA ROBERTS,                    ]
                                  ]
    Plaintiff,                    ]
                                  ]
    vs.                           ]   4:13-CV-0359-LSC
                                  ]
CAROLYN W. COLVIN,                ]
Acting Commissioner,              ]
Social Security Administration,   ]
                                  ]
    Defendant.                    ]

MEMORANDUM OF OPINION AND ORDER

I.   Introduction

Before the Court is Plaintiff's "Motion to Extend Time for Appeal" due to excusable neglect pursuant to Federal Rule of Appellate Procedure 4(a)(5) (doc. 25) and memorandum brief in support thereof (doc. 26.)  The Commissioner has responded in opposition to the motion.  (Doc. 28.)  For the reasons set forth herein, the motion is DENIED.

II.  Background

This Court issued its Memorandum of Opinion and Order affirming the Commissioner's decision on March 24, 2014.  (Docs. 16 & 17.)  Plaintiff filed a timely motion under Fed. R. Civ. P. 59(e) (doc. 18), which tolled the time limit for filing an

appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv). The Court denied Plaintiff's Rule 59(e) motion on August 8, 2014. (Doc. 21.) Plaintiff was required to file her notice of appeal within 60 days of the entry of the district court's ruling. *See* 28 U.S.C. § 2107(b); Fed R. App. P. 4(a)(1)(B) (providing for a 60-day filing period when one of the parties is a United States agency). Accordingly, Plaintiff was required to file her notice of appeal by October 7, 2014. *See* Fed. R. Civ. P. 6; Fed. R. App. P. 4(a)(1); Fed. R. App. P. 26. Plaintiff filed her notice of appeal on October 8, 2014. (Doc. 22.) Thus, Plaintiff's notice of appeal was untimely.

III.   Discussion

Plaintiff now seeks an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5), which provides that the district court may extend the time to file a notice of appeal when two conditions are met: 1) the party moves no later than 30 days after the applicable original appeal deadline expires; and 2) the party shows excusable neglect or good cause. Therefore, any motion filed pursuant to Rule 4(a)(5) had to be filed on or before November 6, 2014, which was 30 days after the original appeal deadline expired. Plaintiff did not file her motion until December 2, 2014; thus her motion is untimely.

A party is ineligible for relief under Rule 4(a)(5) when she files a request for an

extension more than 30 days after the expiration of the deadline for filing a notice of appeal.  See *Jackson v. Crosby*, 375 F.3d 1291, 1297 & n.11 (11th Cir. 2004) ("Dow Chemical filed its notice of appeal ninety-six days after the entry of final judgment, long after the thirty-day appeal period Rule 4(a) of the Federal Rules of Appellate Procedure provides.  The notice of appeal was so late that any extension Federal Rule of Appellate Procedure 4(a)(5) may have provided was unavailable."); *Lopez v. Ammons*, 336 F. App'x 873, 874-75 (11th Cir. 2009) ("[T]o be eligible for an extension under Rule 4(a)(5), the party seeking to take advantage of the rule must file the pertinent motion no later than thirty days after the original appeal period expired.") (citing Fed. R. App. P. 5(a)(5)(A)(I)); *see also Advisory Committee Notes*, Fed. R. App. P. 4(a)(5) ("Rule 4(a)(5)(A) permits the district court to extend the time to file a notice of appeal if two conditions are met. First, the party seeking the extension must file its motion no later than 30 days after the expiration of the time originally prescribed by Rule 4(a).  Second, the party seeking the extension must show either excusable neglect or good cause."); *Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir. 1982) (explaining that Rule 4(a)'s amendment in 1979 to require an actual motion for an extension of time to file a late appeal was to remove the possibility of an "informal application for extension of time" to appeal).

Accordingly, the motion for an extension of time to appeal is due to be denied because the motion was not filed within the time period set forth in Rule 4(a)(5). As Plaintiff's motion is untimely, her excusable neglect argument is moot.

IV.   Conclusion

For the reasons stated herein, Plaintiff's motion to extend the appeal deadline pursuant to Rule 4(a)(5) (doc. 25) is hereby DENIED.

Done this 12th day of December 2014.

_____
L. Scott Coogler
United States District Judge
[160704]